# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN H. MAGUIRE,                          :

    Plaintiff,                              :         Case No. 3:08CV090

vs.                                       :         District Judge Walter Herbert Rice
                                                          Magistrate Judge Sharon L. Ovington
ARENSTEIN & GALLAGHER,                    :
LLC, *et al*.,
                                        :

    Defendants.
                                         :

# REPORT AND RECOMMENDATIONS[1]

## I.   INTRODUCTION

    Plaintiff John H. Maguire, a resident of Dayton, Ohio, brings this civil case *pro se* claiming that Defendants committed legal malpractice and engaged together, and with others, in a conspiracy to violate his rights under the United States Constitution. Defendants are various attorneys and law firms who, with one exception, represented Plaintiff Maguire in connection with federal criminal proceedings against him in a previous case in this Court. *United States v. John H. Maguire*, 3:03CR141 (S.D. Ohio).

    In the present case, the Court previously granted Plaintiff Maguire's Motion to Proceed *in forma pauperis*. The case is presently before the Court for a *sua sponte* review

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

to determine whether Plaintiff Maguire's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B). If the Complaint suffers from one or more of these deficiencies, it must be dismissed. *Id.*

**II.    THE COMPLAINT**

Plaintiff Maguire explains in his Complaint:

> The plaintiff's action arises from the criminal defense of a case in the United States District Court for the Southern District of Ohio at Dayton. The Plaintiff alleges legal malpractice in that matter. Furthermore, the Plaintiff contends that the defendants conspired amongst themselves and other individuals to violate the Constitutional Rights of the plaintiff. Said conspiracy took place in the Southern District of Ohio. Although defendant Lawrence Lasky never represented the plaintiff[,] Lasky was a pivotal figure and a direct participant in the conspiracy to violate the plaintiff's Constitutional Rights. The plaintiff alleges that the Constitutional Rights violated included those rights guaranteed by the sixth amendment of the Constitution of the United States.

(Doc. #2 at 2).

Plaintiff Maguire's Complaint contains many allegations concerning the events leading to his arrest and his later indictment, guilty plea, convictions, and the *pro se* Motions he filed in the underlying federal criminal case. He summarizes his Complaint as follows:

> Words alone are inadequate to express the level of damage and betrayal the plaintiff suffered related to this action. The defendants and each of them have violated the most fundamental rights guaranteed by the Constitution of the United States. Among those rights are the right to

> effective assistance of counsel, due process and a fair trial. The plaintiff has suffered extreme duress, hardship and wrongful imprisonment. And the Plaintiff will continue to suffer damage as the result of the defendant's [sic] conduct for the rest of his life. Furthermore, the defendants remain officers of the court and are free to continue their callous indifference to the moral and ethical obligations owed to their clients and the public. Only a substantial monetary award will serve to compensate the plaintiff and dissuade the defendants from continuing to violate the rights of their clients while making a mockery of the Constitution of the United States.

(Doc. #2 at 23). Plaintiff Maguire seeks millions of dollars in actual and punitive damages against each Defendant.

The public record of Plaintiff Maguire's underlying criminal case reveals that he entered into a plea agreement with the Government. Pursuant to the terms of the plea agreement – which the trial court accepted – the Government dismissed six indicted counts against Maguire, and he pled guilty to committing two counts of fraud in connection with identification documents in violation of 18 U.S.C. §§1028(a)(7), (b)(1)(D). *See United States v. John H. Maguire*, 3:03CR141 (S.D. Ohio) (Doc. #s 13, 144, 147, 154, 155). Maguire was sentenced to a thirty-six month term of incarceration on each count, to be served concurrently. *Id.* at Doc. #155. His sentence also required him to pay $71,713.38 in restitution, serve a three-year term of supervised release on each count (to be served concurrently), and set certain additional conditions. *Id.*

Maguire challenged his convictions by filing a direct appeal in the United States Court of Appeals for the Sixth Circuit claiming that his counsel provided constitutionally ineffective assistance. He argued that his attorney failed to file two motions he (Maguire) wanted to file and failed "to pursue exculpatory information regarding his brother's role in

the offense.  He suggest[ed] that counsel's failure to take these measures forced him to plead guilty, despite his insistence on proceeding to trial."  (Doc. #190 at 2).   The Court of Appeals concluded that Maguire's claim of ineffective assistance of counsel lacked merit and, as a result, his convictions were affirmed.  (Doc. #s 190 at 2-3).

Plaintiff Maguire also collaterally attacked his convictions by filing in the District Court multiple Motions and Supplemental Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255.  Finding no merit in those Motions, the District Court denied them.  (Doc. #s 148, 150, 160-61, 162, 164-65, 171, 176, 180, 184).  Maguire did not file a timely notice of appeal regarding the denial of his §2255 Motions.

**III.    DISCUSSION**

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if the Complaint is frivolous or malicious.  *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(i).

Reviewing a Complaint under §1915(e)(2)(B), the Court resolves whether it raises a claim with a rational or arguable basis in fact or law.  *See Neitzke,* 490 U.S. at 328-29.  If it

does not, it is frivolous or malicious and subject to dismissal. *See id.*; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of Complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915(2)(B)(ii). A *pro se* Complaint fails to state a claim upon which relief can be granted if – accepting the factual allegations as true and liberally construing them in the plaintiff's favor – it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000)(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

Turning to Plaintiff Maguire's Complaint, he bases his federal conspiracy claim on the alleged acts and omissions of Defendants, which, he asserts, amounted to constitutionally ineffective assistance of counsel. *See* Doc. #2 at 5-23. Success on the merits of this claim would necessarily imply the invalidity of his criminal convictions. This creates an insurmountable problem for Plaintiff Maguire because of *Heck v. Humphrey*, 512 U.S. 477 (1994).

The United States Supreme Court held in *Heck*, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged.  *Heck*, 512 U.S. at 486-87 (1994).  *Heck*'s holding applies in the present case even though Plaintiff Maguire's Complaint implicates the validity of his federal criminal convictions (rather than state criminal convictions).  *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998).

Plaintiff Maguire's convictions were affirmed on direct appeal, and he has not sought appellate review of the District Court's denial of his §2255 Motions.  Not surprisingly, then, his Complaint contains no information indicating that his convictions have been reversed on direct appeal or otherwise declared invalid or expunged.  Until one of these events occurs, Plaintiff Maguire's federal conspiracy claims are not cognizable in a separate civil action.  *See Heck*, 512 U.S. at 486-87; *see also Wood v. Balisok*, 520 U.S. 641, 648 (1997).  Consequently, Plaintiff Maguire's sole federal claim – that Defendants engaged in a conspiracy in violation of his rights under the United States Constitution – has no arguable basis in law, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

Because the Complaint contains no other federal claim, and because diversity of citizenship is lacking, dismissal of Plaintiff's legal malpractice claim is warranted under 28 U.S.C. §1367(c)(3).  *See Moon v. Harrison Piping Supply*,  465 F.3d 719, 728 (6th Cir. 2006)("a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims.").

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff John H. Maguire's Complaint be DISMISSED; and

2. The Court certify pursuant to 28 U.S.C. §1915(a) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. This case be terminated on the docket of this Court.

April 18, 2008

    s/Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).