IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN H. MAGUIRE, | : |
| Plaintiff, | : |
| | :  Case No. 3:08cv090 |
| vs. | : |
| | :  JUDGE WALTER HERBERT RICE |
| ARENSTEIN & GALLAGHER, | : |
| LLC, et at., | : |
| Defendants. | : |

DECISION AND ENTRY OVERRULING PLAINTIFF'S OBJECTIONS (DOC. #5) TO REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE (DOC. #4); REPORT AND RECOMMENDATIONS ADOPTED, AS SUPPLEMENTED AND LIMITED HEREIN; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF, DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE; LEAVE TO APPEAL IN FORMA PAUPERIS DENIED; TERMINATION ENTRY

Plaintiff John Maguire ("Plaintiff" or "Maguire") was charged in a prosecution with eight separate counts or charges.  United States v. John Maguire, Case No. 3:03cr141 (S.D.Ohio).  Maguire entered guilty pleas to two of those counts, each charging him with violating 18 U.S.C. § 1028(a)(7) and (b)(1)(D), and was sentenced to concurrent terms of 36 months of incarceration by Judge Thomas M. Rose, who presided over Maguire's prosecution.[1]  Plaintiff

---

[1] The other six charges were dismissed.

subsequently initiated this litigation, seeking to recover damages he claims to have suffered as a result of the alleged failure of the attorneys who represented him in that prosecution to provide effective assistance of counsel.[2] The Plaintiff has set forth a claim that the Defendants conspired with Judge Rose to deny him (Maguire) the right to effective assistance of counsel, as guaranteed by the Sixth Amendment to the United States Constitution.[3] See Doc. #2. He has also set forth a claim of legal malpractice under the common law of Ohio. Id.

This matter was referred to United States Magistrate Judge Sharon Ovington. After conducting a preliminary review of the Plaintiff's Complaint (Doc. #2), that judicial officer recommended that this Court dismiss that pleading in accordance with 28 U.S.C. § 1915(e)(2). See Doc. #4. In particular, Judge Ovington recommended that the Court dismiss Plaintiff's claim of conspiracy to deprive him of his Sixth Amendment right to effective assistance of counsel, as barred by the doctrine established by the Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994). Id. at 5-6. In addition, the Magistrate Judge recommended that this Court dismiss Plaintiff's legal malpractice claim for lack of subject matter jurisdiction. Id. at 6.

This case is now before the Court on the Plaintiff's Objections (Doc. #5) to the Magistrate Judge's Report and Recommendations (Doc. #4). For reasons

---

[2]Plaintiff has also named another attorney, Laurence Lasky ("Lasky"), as a Defendant. Although Lasky has not represented him, he is alleged to have advised his client to complain to the FBI about an email he (the client) had allegedly received from Maguire. Lasky is also alleged to have initiated eviction proceedings against Plaintiff in state court on behalf of that same client.

[3]Plaintiff states that he has not joined Judge Rose as a defendant, because that judicial officer enjoys immunity. See Doc. #1 at 7.

which follow, this Court overrules the Plaintiff's Objections and adopts the Report and Recommendations as supplemented and limited herein.[4]

In Heck, the Supreme Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted). See also, Wilkinson v. Dotson, 544 U.S. 74, 80 (2005). Although Heck arose out of the plaintiff's action under § 1983, following his conviction in state court, the Sixth Circuit has held that the doctrine adopted by

---

[4]The Plaintiff disagrees with some of the factual background of this litigation to which Judge Ovington referred in her Report and Recommendations. See Doc. #4 at 3-4. For instance, Judge Ovington indicated that, during the direct appeal from his criminal conviction, the Sixth Circuit concluded that his "claim of ineffective assistance of counsel lacked merit." Id. at 4. The Defendant challenges that statement in his Objections. See Doc. #5 at 2. He also challenges Judge Ovington's description of the status of his petition for post-conviction relief pursuant to 28 U.S.C. § 2255. Id. at 3. Simply stated, since the resolution of Plaintiff's direct appeal and his petition under § 2255, are not pertinent at this point in this litigation, this Court limits the Report and Recommendations (Doc. #4) to exclude the Magistrate Judge's discussion of those matter from consideration herein.

the Supreme Court in Heck is equally applicable to a Bivens action following a criminal conviction in state court.  See e.g., Lanier v. Bryant, 332 F.3d 999, 1005 (6th Cir. 2003); Robinson v. Jones, 142 F.3d 905, 906-07 (6th Cir. 1998).[5]

It cannot be doubted that the Sixth Amendment guarantees a criminal defendant effective assistance of counsel.  See e.g., Evitts v. Lucey, 469 U.S. 387, 396 (1985).  A claim of ineffective assistance of counsel under the Sixth Amendment has two components, to wit: 1) deficient performance by counsel and 2) prejudice to the defendant as a result.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The Strickland Court explained the prejudice prong of the test adopted therein:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Id. at 694.

---

[5] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized a private right of action, analogous to an action under § 1983, for plaintiffs whose constitutional rights have been violated by defendants acting under color of federal law.  In order to prevail on his Bivens claim against the Defendants, the Plaintiff must show that they acted under color of federal law.  Bradford v. Shankman, 1985 WL 13659 (6th Cir. 1985).  None of the Defendants herein acted under color of federal law.  Id. (holding that a private attorney and a federal public defender do not act under color of federal law for purposes of a Bivens action) (citing Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982) and Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984)).  The Defendants are, however, alleged to have conspired with Judge Rose to deny the Plaintiff his right to effective assistance of counsel.  The Court assumes for present purposes that, as a consequence, the Plaintiff has alleged that the Defendants acted under color of federal law for purposes of his claim that they conspired to deny him his constitutional right to effective assistance of counsel, as guaranteed by the Sixth Amendment.

Strickland, predicated upon the alleged ineffective assistance of counsel, arose out of a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254, in which the petitioner sought the vacation of the imposition of the death penalty imposed upon him during the penalty phase of his capital prosecution.  It cannot be questioned that the denial of the right to effective assistance of counsel, as guaranteed by Strickland, can serve as the basis for overturning a criminal conviction, either on direct appeal or in an action under § 2254 or § 2255.  Therefore, courts including the Sixth Circuit have held that Heck bars a claim for monetary damages, based upon counsel's alleged failure to provide effective assistance.  See e.g., Proctor v. Nichols, 1997 WL 56960 (6th Cir. 1997); Trimble v. Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).  Accordingly, this Court agrees with Judge Ovington that Plaintiff's claim of conspiracy to violate his Sixth Amendment right to effective assistance of counsel must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, without prejudice, as barred by Heck.  See Callihan v. Schneider, 178 F.3d 800 (6th Cir. 1999) (recognizing that dismissals under Heck are without prejudice).

This Court also agrees with that judicial officer that it must dismiss Plaintiff's state law claim of legal malpractice, without prejudice, for lack of subject matter jurisdiction.  There is no allegation in Plaintiff's Complaint that complete diversity exists between himself, a resident of Ohio, and a number of lawyers who practice in this state.  Moreover, in accordance with 28 U.S.C. § 1367(c)(3), this Court cannot continue to exercise supplemental jurisdiction over that claim.  See Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1255-56 (6th Cir. 1996) (noting that there is a strong presumption that District Court declines to exercise

- 6 -

supplemental jurisdiction over state law claims after it has dismissed federal claims pursuant to a 12(b)(6) motion).

Based upon the foregoing, this Court overrules Plaintiff's Objections (Doc. #5) to the Report and Recommendations of the Magistrate Judge (Doc. #4). That judicial filing is adopted, as supplemented and limited herein.

Judgment will be ordered entered in favor of Defendants and against Plaintiff herein, dismissing the captioned cause, without prejudice, for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2), and for lack of subject matter jurisdiction.

Given that any appeal from this action would be objectively frivolous, this Court denies Plaintiff leave to file in forma pauperis.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

July 23, 2008

                                          /s/ Walter Herbert Rice
                                          WALTER HERBERT RICE, JUDGE
                                          UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.